# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**SAMIR EL-HOSSEINY**                                                             **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 2:19-cv-10-KS-MTP**

**CRAIG ROBERT WIGGEN and ARRESTS.ORG**                **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion [16] to Join Defendant and Motion [17] for Reconsideration. Having considered Plaintiff's submissions and the applicable law, the Court finds that both Motions [16] and [17] should be denied.

In his Motion [16], Plaintiff seeks to add "1337, Services, LLC" as a defendant. Plaintiff does not state what claims he is seeking to bring or whether the Court has personal or subject-matter jurisdiction over 1337, Services, LLC. Nor has Plaintiff addressed whether joinder of this entity is appropriate under Federal Rule of Civil Procedure 19. The Court cannot grant the Motion [16] on such little information and it should be denied.

In his Motion [17], Plaintiff moves the Court to reconsider its Order [15] denying service of process on Arrests.org via email. The Court previously denied this request, finding that service through email was not appropriate in this circumstance and that Plaintiff had not explained what type of entity Arrests.org is or established whether Arrests.org could be sued. Order [15]. Plaintiff asserts in his Motion [17] that Arrests.org does business in Mississippi but is not listed on the Secretary of State's website. Plaintiff continues to urge that service of process via email or mail to addresses that may or may not be related to Arrests.org is appropriate. Mot. [17].

1

Motions for reconsideration are generally analyzed under the standard for a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from a judgment or order under Rule 60(b). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). Rule 59(e) governs a motion seeking reconsideration of a ruling when the motion is filed within twenty-eight days of the challenged order. *Id.* Here, Plaintiff's Motion [17] was filed fifteen days after the Order [15] denying the requested relief; therefore, it will be considered under Rule 59(e).[1]

A motion to alter a ruling under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should have been made before judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (internal quotations and citations omitted). This Court has "considerable discretion in deciding whether to" grant a motion for reconsideration. *Edward H. Bolin Co., Inc., v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Plaintiff has neither established a manifest error of law or presented newly discovered evidence. Plaintiff has yet to provide the Court with a name for an agent for service or process or a physical address for that agent, which the United States Marshal Service may use to serve Defendant Arrests.org. The Court will not revisit arguments already considered in its Order [15], and the Motion [17] for Reconsideration should be denied.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion [16] to Join Defendant is DENIED and the Motion [17] for Reconsideration is DENIED.

---

[1] The Court recognizes that Rule 59(e) is not technically applicable in this action since no "judgment" has been entered. However, this Court and others within the Fifth Circuit analyze reconsideration motions under Rule 59(e). *See Insurasource, Inc. v. Fireman's Fund Ins. Co.*, 2012 WL 1365083 (S.D. Miss. Apr. 19, 2012); *B&C Marine, LLC v. Cabiran*, 2013 WL 950562 (E.D. La. Mar. 11, 2013); *Garrison v. Tex. S. Univ.*, 2013 WL 247028 (S.D. Tex. Jan. 22, 2013).

SO ORDERED this the 26th day of June, 2019.

                                                           s/Michael T. Parker
                                                           United States Magistrate Judge