IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SAMIR EL-HOSSEINY**  **PLAINTIFF**

**VERSUS**  **CIVIL ACTION NO. 2:19-cv-10-KS-MTP**

**CRAIG ROBERT WIGGEN and ARRESTS.ORG**  **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court, *sua sponte*, upon Plaintiff's failure to comply with orders of this Court. After reviewing the record, the undersigned recommends that this action be dismissed without prejudice as to Arrests.org.

Plaintiff filed his Complaint [1] against Defendant Craig Robert Wiggen and Defendant Arrests.org on January 18, 2019 alleging they had defamed him, intentionally inflicted emotional distress, put him in a false light, and misappropriated his name and likeness for commercial gain. Plaintiff was granted *in forma pauperis* status on January 23, 2019 and the Court directed the United States Marshal Service to serve process on Defendant Wiggen. Order [3], [5]. The Court did not direct service on Arrests.org because Plaintiff had not provided a name or address for an agent for service of process and ordered Plaintiff to respond with such information by February 15, 2019. Order [5].

Plaintiff responded with a name and address of an individual in Virginia, but it remained unclear if this was the agent for service of process for Arrests.org or if Arrests.org was an entity that could be sued. Resp. [7]. Plaintiff then moved to serve Arrests.org through email or Rmail. Mot. [12], [13]. The Court denied these motions finding that service via the internet not was appropriate and that Plaintiff had failed to provide the Court with the necessary information to

serve Arrests.org.  Order [15].   The Court again directed Plaintiff to provide a physical address and a name for an agent for service of process for Arrests.org by May 31, 2019.  *Id*.

Plaintiff responded on May 30, 2019 providing an address for an LLC in Saint Kitts and Nevis in the Caribbean.  Resp. [18].  Plaintiff claims it is the alleged owner or agent of Arrests.org.  *Id*.  Based on this limited information the Court, again, did not direct the United States Marshal Service to serve process.

On June 12, 2019, the Court directed Plaintiff to show cause why this action should not be dismissed against Arrests.org for Plaintiff's failure to comply with the Court's orders and failure to provide a name and address for an agent for service of process.  Order [19].  Plaintiff responded on June 25, 2019, stating that the address of the LLC in Saint Kitts and Nevis is where he believes some of the website's activity occurs and where the computer server is located that runs the website.  Resp. [20].  This still does not provide the Court with the necessary information to serve process on Arrests.org, nor does it establish whether Arrests.org is anything more than a website domain or an entity which can sue or be sued.

Trial courts have the authority to dismiss actions for a plaintiff's failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  A motion to dismiss from the defendant is not necessary, a court may act on its own initiative to clear its docket of dormant cases.  *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962).  To dismiss a case for failure to prosecute there must be "a clear record of delay or contumacious conduct and the district court must have expressly found that no lesser sanction would suffice to prompt diligent prosecution."  *Raborn v. Inpatient Mgmt. Partners Inc.*, 278 F. App'x 402, 404 (5th Cir. 2008).  There must also be an aggravating factor such as "(1) the delay was caused by the plaintiff, as opposed to her attorney; (2) the defendant suffered actual

2

prejudice; (3) the delay was caused by intentional conduct." *Id*. at 404-405 (citing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Plaintiff is proceeding *in forma pauperis* in this matter. *See* Order [3]. "Special rules govern the procedure for service of process in cases involving in forma pauperis plaintiffs…." *Lindsey v. U.S. R.R. Retirement Bd*., 101 F.3d 444, 446 (5th Cir. 1996). 28 U.S.C. § 1915(d) provides that "[t]he officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis] cases." The *in forma pauperis* plaintiff must take reasonable steps to identify the defendants. *Lindsey*, 101 F.3d at 446. Proper service must be made within 120 days of filing the complaint or the action is subject to dismissal without prejudice by the district court after notice to the plaintiff. Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*.

More than 120 days have elapsed since Plaintiff filed this lawsuit and Arrests.org has yet to be served, nor has Plaintiff given the Court any indication or clarification as to the legal status of "Arrests.org." The Court has repeatedly directed Plaintiff to provide a name for an agent for service of process for Arrests.org and a physical address where the agent may be served. Order [5], [15], [19]. While Plaintiff has responded to the Court, he has yet to provide the necessary information to serve process upon Arrests.org. The Court will direct the United States Marshal Service to serve Arrests.org, but that can only be accomplished if Plaintiff provides the necessary information.

It is not the Court's responsibility to discover a defendant's address or agent for service of process or to identify the defendant. Plaintiff's failure to comply with the Court's many orders is not attributable to any attorney, but his own conduct. The undersigned, therefore,

recommends that this action be dismissed without prejudice against Arrests.org based on Plaintiff's repeated failure to comply with this Court's orders.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 1st day of July, 2019.

                                                            s/Michael T. Parker  
                                                            United States Magistrate Judge