IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SAMIR EL-HOSSEINY                                           PLAINTIFF

VS.                                              CIVIL ACTION NO. 2:19cv10-KS-MTP

CRAIG ROBERT WIGGEN and ARRESTS.ORG              DEFENDANTS

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING ARRESTS.ORG WITHOUT PREJUDICE.

This cause is before the Court on Report and Recommendation [23] entered by Magistrate Judge Michael T. Parker recommending that Defendant, Arrests.org by dismissed without prejudice. The Plaintiff, Samir El-Hosseiny has filed an Objection [24] to the Report and Recommendation. The Court has considered same and the pleadings filed herein and does hereby find as follows to wit:

I. PROCEDURAL HISTORY

Plaintiff filed his Complaint [1] against Defendant Craig Robert Wiggen and Defendant Arrests.org on January 18, 2019, alleging that they had defamed him, intentionally inflicted emotional distress, put him in a false light, and misappropriated his name and likeness for commercial gain. Plaintiff was granted *in forma pauperis* status on January 23, 2019, and the Court directed the United States Marshal Service to serve process on defendant Wiggen [3] and [5]. The Court did not direct service on Arrests.org because plaintiff had not provided a name or address for any agent for service of process and ordered plaintiff to respond with such information by February 15, 2019 [5]. Plaintiff responded but his response [7] was

vague, and then plaintiff moved to serve Arrests.org through email or Rmail [12] and [13]. His motions were denied by Judge Parker and plaintiff was informed that he had failed to provide the Court with the necessary information to serve Arrests.org [15]. Plaintiff was again directed to provide a physical address and a name for an agent for service of process for Arrests.org by May 31, 2019 [15]. Plaintiff then responded [18] but the information was insufficient for service. Plaintiff responded but did not furnish the Court with sufficient information to serve process and stated that Arrests.org is basically a website but he does not know where the activity occurs. Judge Parker found that the plaintiff had not properly identified Arrests.org sufficiently for process to be issued, and more than 120 days had elapsed since plaintiff filed his lawsuit and Arrests.org had not been served. As a result, Judge Parker recommended dismissal of Arrests.org without prejudice [23].

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421

(5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III. PETITIONER'S OBJECTIONS AND ANALYSIS

In his Objection plaintiff makes several statements as follows:

1. Plaintiff cannot provide such an address where no such address exists as Arrests.org is an online company website and only lists an email address info@arrests.org as the only means to contact them, and such email address is functional as plaintiff has sent and received emails from said email address. (document 24, page 2)

2. Defendant Arrests.org does not have a physical address, despite Plaintiff's unwavering attempt to find one. (document 24, page 2)

3. The claim against defendant Arrests.org should not be dismissed since they are crucial to this claim because *they* and *others* under an unincorporated association using a common name have published on the internet defamatory statements and other harms listed in this claim about and to plaintiff. (document 24, page 2)

4. Defendant, Arrests.org does not provide for and appears not to have a physical address. (document 24, page3)

5. At the end of the day Arrests.org does not provide for or appear to have a physical address in which it may be served process by a U.S. Marshal Service of Process as required by honorable court's Orders. Plaintiff after sincere due diligence now does not believe there is an actual "brick and mortar" physical address for defendant Arrests.org except the physical address of creator and one of the owners of defendant Arrests.org, defendant Craig Robert Wiggen. (document 24, page 3)

Plaintiff cites to the Court F.R.C.P 17(b)(3)(A) and claims that Arrests.org is an unincorporated association.

> (3) For all other parties, by the law of the State where the Court is located, except that:
>
> (A) a partnership or other unincorporated association with no such capacity under that state's laws may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws; F.R.C.P 17(b)(3)

Perhaps Arrests.org is an unincorporated association and perhaps it is a potential party or tradename of an unincorporated association but it has no legal status and no place or way to be served with process. Plaintiff has failed to establish to the Court how Arrests.org can be served and without service as provided by Rule 4, the Complaint against Arrests.org should be dismissed without prejudice. The persons who associate with one another to run Arrests.org may be proper parties and they may do business as Arrests.og. The plaintiff may choose to seek to amend his Complaint and sue the individuals and the common name of their association but after being given adequate time to do so, and warnings by the Court has chosen not to. Therefore, the Court finds that the Complaint against Arrests.org should be dismissed for failure to serve process. The dismissal is without prejudice.

## IV. CONCLUSION

As required by 28 U.S.C. §636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection. For the reasons set forth above, this Court concludes that the Objections to the Report and Recommendation lack merit and should be **overruled**. The Court further concludes that the proposed Report and

Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation and further finds that the Objections filed by Plaintiff are not well taken.

Accordingly, it is ordered that the Complaint herein is DISMISSED WITHOUT PREJUDICE as to Arrests.org.

SO ORDERED this the ___3rd____ day of September, 2019.


\_\_\_\_s/Keith Starrett_____
UNITED STATES DISTRICT JUDGE